IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARL DUNCAN, JR., et al. | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. WMN-03-380 |
| GULF STREAM COACH, INC. | * | |
| Defendant | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS OR TO TRANSFER**

Now comes the Defendant, Gulf Stream Coach, Inc. ("Gulf Stream), by its attorney, J. Thomas Caskey, and for its memorandum in support of its motion to dismiss or to transfer, states as follows:

**INTRODUCTION**

This is an action brought by Plaintiffs, Carl and Sandra Duncan, against the manufacturer (Gulf Stream) of a Gulf Stream Tourmaster recreational vehicle purchased by the Plaintiffs in May, 2000 from Bernard Chevrolet, Libertyville, Illinois. Plaintiffs allege, *inter alia*, that the vehicle in question had a number of defects in breach of the express warranty provided by Gulf Stream to the Plaintiffs as part of the purchase of their motor home. Plaintiffs further allege misrepresentations made by Gulf Stream as to the condition of the vehicle.

This matter must be dismissed, as the limited warranty agreement signed by the Plaintiffs specifically contains a forum selection clause that mandates this action be litigated in Indiana, the State of Manufacture. In the alternative, the Court may transfer this matter to the agreed-upon forum.

## ARGUMENT

When the Plaintiffs purchased their Gulf Stream Tourmaster vehicle, they executed a limited warranty agreement which provides in clear and conspicuous language that:

> 6. <u>Jurisdiction and Applicable Law</u>.
>
> Exclusive jurisdiction for deciding any claims, demands, or causes of action for defects or representations of any nature or damages due from such defects or representations shall be in the courts in the State of Manufacture. The laws applicable to any litigation, dispute, mediation, arbitration or any claim whatsoever arising, from the sale, purchase or use of the recreational vehicle shall be those of the State of Manufacture.

See Exhibit A to Suddon Affidavit (Exhibit 2).

Immediately above the signature line, the warranty agreement further provided:

> I hereby acknowledge that I have read and received a copy of the above warranty for Gulf Stream Coach prior to entering into any contract to purchase my Gulf Stream recreational vehicle and agree to abide by all of its terms and provisions, including, but not limited to, the provisions hereof providing that the exclusive jurisdiction for any claims whatsoever shall be in the courts in the State of Manufacture and that the applicable law shall be the law of the State of Manufacture.

Plaintiff Sandra Duncan also executed a "subsequent owner warranty registration" in which she acknowledged receipt of the warranty agreement and agreed to be bound by its terms.  See Exhibit B to Suddon's Affidavit.

On its face, the forum selection clause contained in the limited warranty agreement clearly applies.  Plaintiffs' Complaint is a cause of action based on alleged defects and misrepresentations relating to the Gulf Stream vehicle and for damages allegedly resulting therefrom.  "Exclusive jurisdiction for deciding any such claims, demands or causes of action for defects or misrepresentations of any nature or damages due from such defects or representations, shall be in the courts in the State of Manufacture."  (Exhibit A to Suddon Affidavit)  It is not disputable that the State of Manufacture is the State of Indiana.  Further, the warranty agreement provides that the Plaintiffs acknowledge having read and received a copy of the warranty, that they agreed to abide by all of its terms and provisions, specifically "including, but not limited to, the provisions hereof providing that the exclusive jurisdiction for any claims whatsoever shall be in the courts of the State of Manufacture. . . ."  Exhibit A to Suddon Affidavit.  Plaintiffs signed the limited warranty agreement as well as the subsequent warranty registration, which acknowledged receipt of the Gulf Stream warranty and agreed to comply with the terms of such warranty.

This Court dealt with a quite similar forum selection clause in the case of Medical Legal Consulting Service, Inc. v. Covarrubias, et al., 648 F. Supp. 153 (D. Md. 1986).  In that case, the plaintiff, a technical consulting service, entered into a contract with the defendants

to provide certain technical consulting services concerning trial and settlement of the defendants' medical malpractice suit.  The defendants were residents of California.

The contract contained a forum selection clause providing that any dispute arising out of the contract would be decided in the Circuit Court for Montgomery County, State of Maryland.  The contract was executed by the plaintiff and defendants.

The defendants removed the case to federal court with the intention to then move to transfer the case to California.  Plaintiff moved to remand the case to Montgomery County Circuit Court, relying on the forum selection clause.

This Court had no trouble in enforcing the forum selection clause, pointing out that the defendants freely entered into the contract in question and if not satisfied with the terms of the agreement, were free to contract elsewhere.  <u>Covarrubias</u> at 157.  The court granted plaintiffs' motion to remand the case to Montgomery County, the forum designated by the contract.

As in the present case, the terms of the forum selection clause were clear and unambiguous.  In fact, in the present case, they are spelled out not once, but twice in the same document, signed by both plaintiffs.  Moreover, plaintiff Sandra Duncan signed a second document, the subsequent owner warranty registration in which she again acknowledged receipt of the warranty and agreed to comply with its terms.

The defendants in <u>Covarrubias</u> claimed they it would be seriously inconvenient for them to travel from California to Maryland for trial of their case.  The <u>Covarrubias</u> court

cited M/S Bremen v. Zapata Offshore Co., 407 U.S. 1, 92 S. Ct. 1907, 32 L.Ed.2d 513 (1972) as the case setting forth the "modern view" regarding forum selection clauses. Covarrubias at 154. As Judge Kaufman pointed out in Covarrubias, the "serious inconvenience" discussed in Bremen, "must be such that the party seeking to escape his contract 'will for all practical purposes be deprived of his day in court.'" Covarrubias at 157.

Under Federal law, forum selection clauses are binding upon the parties and enforceable, unless the resisting party can show that the clause is unreasonable under the circumstances. M/S Bremen v. Zapata Offshore Company, 407 U.S. 1, 9 (1972); Carnival Cruise Lines v. Shute, 499 U.S. 585, 589 (1991). The resisting party has a "heavy burden" of proof to overcome a forum selection clause on the grounds of inconvenience, and must demonstrate that the trial in the forum would be "gravely difficult and inconvenient." Bremen, 407 U.S. at 18; Carnival, 499 U.S. at 595. The forum selection clause in this matter was clearly reasonable. Plaintiffs agreed to and were aware that any potential litigation concerning alleged defects or misrepresentations concerning the motor home must be undertaken in Indiana. Had Plaintiffs not desired to litigate in Indiana, they were free to not purchase the motor home, or insist that this clause be removed from the warranty agreement. This was an arms length contract bargained and entered into by consenting adults and each side should be bound by the agreed terms of that contract.

Finally, numerous federal district courts have examined the validity of Gulf Stream's forum selection clause and held that it is enforceable, and have either dismissed plaintiffs'

complaints or transferred them to the U.S. District Court for the Northern District of Indiana. *See* Lipscomb v. Raper, Case No. C-3-97-171, U.S. Dist. Ct., W.D. Ohio, 1997 (enforcing forum selection clause to transfer matter from Ohio to Indiana); Greiman v. Pacific R.V., Case No. F99-0031CV, U.S. Dist. Ct., Dist. of Alaska, 1999 (enforcing forum selection clause to transfer matter from Alaska to Indiana); Dayley v. Gulf Stream Coach, Inc., Case No. 2:98CV534C, U.S. Dist. Ct. Dist. of Utah, 1999 (enforcing forum selection clause to transfer matter from Utah to Indiana); Ensminger v. Gulf Stream Coach, Inc., Case No. 1:99CV363, U.S. Dist. Ct. of Tennessee, 2000 (enforcing forum selection clause to transfer matter from Tennessee to Indiana); Harris v. Ford Motor Co., Case No. 00-CV-701, U.S. Dist. Ct. N.D. Ohio 2000 (enforcing forum selection clause to transfer matter from Ohio to Indiana); and Naturile v. Gulf Stream, Civ. No. 00-2032, U.S. Dist. Ct., Dist. of New Jersey, 2000 (enforcing forum selection clause transferring matter from New Jersey to Indiana); Hatchett, et al. v. Bankston Motor Homes, et al., case number 01-2009GA, U.S. Dist. Ct. for the Western District of Tennessee, Western Division (enforcing forum selection clause dismissing plaintiff's case); Dunford v. Gulf Stream Coach, Inc., et al., case number 00C4495, U.S. Dist. Ct. for the Northern District of Illinois, Eastern Division (enforcing forum selection clause transferring case from Illinois to Indiana); Rice, et al. v. Gulf Stream Coach, Inc., et al, case number CV01-830PHXEHC, U.S. Dist. Ct., District of Arizona (enforcing forum selection clause transferring case from Arizona to Indiana); Diorio v. Gulf Stream Coach, Inc., et al., case number 01-CV-05794, U.S. Dist. Ct. for the District of New

Jersey (enforcing forum selection clause transferring case from New Jersey to Indiana); Clements, et al. v. Gulf Stream Coach, Inc., et al., case number 02-4007, U.S. Dist. Ct. for the Western District of Arkansas (enforcing forum selection clause transferring case from Arkansas to Indiana); Garrett, et al. v. Reese Products, Inc., et al., case number CV-01-H-1949-F, U.S. Dist. Ct. for the Northern District of Alabama, Southern Division (enforcing forum selection clause dismissing plaintiffs' case); Perry, et al. v. Gulf Stream Coach, Inc., et al, case number 00-901-WDS U.S. Dist. Ct. for the Southern District of Illinois (enforcing forum selection clause dismissing plaintiffs' case).

Not only is the forum selection clause valid and enforceable, there is no question that it is applicable to this matter. The warranty agreement provides that any claim for alleged defects or misrepresentations shall be litigated in the State of Manufacture. It is undisputed that the vehicle was manufactured in Indiana. *See* Suddon affidavit. Indeed, Plaintiffs allege breach of that warranty agreement in their Complaint. As Plaintiffs rely upon the warranty agreement, it would be inequitable to allow Plaintiffs to avoid their own contractual obligations under that very agreement which requires them to litigate this matter in Indiana.

For all of the above reasons, this Court should enforce the forum selection clause and dismiss this matter. In the alternative, this Court may, pursuant to 28 U.S.C. § 1404(a) transfer this action to the United States District Court for the Northern District of Indiana, South Bend Division.

                                                                           J. Thomas Caskey, Federal Bar No. 00576
                                                                            401 Washington Avenue
                                                                            Suite 204
                                                                             Towson, Maryland 21204
                                                                             (410)821-6353
                                                                             Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of March, 2003, a copy of Defendant's Memorandum in Support of Motion to Dismiss or To Transfer was mailed, first class, postage prepaid, to:

    Jeffrey N. Pritzker, Esquire
    Margolis, Pritzker & Epstein
    405 E. Joppa Road
    Suite 100
    Towson, Maryland   21286
    Attorneys for Plaintiffs

                                                                            J. Thomas Caskey