IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARL DUNCAN, JR., et ux | * | |
|   Plaintiffs | * | |
| v. | * | Civil Action No.: WMN-03-380 |
| GULF STREAM COACH, INC. | * | |
|   Defendant | * | |

\* \* \*

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER AND REQUEST FOR HEARING

    Plaintiffs, Carl Duncan, Jr. and Sandra Duncan, his wife, (the "Duncans"), by their attorneys, Jeffrey N. Pritzker and Margolis, Pritzker & Epstein, P.A., in opposition to Defendant's Motion to Dismiss or to Transfer pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, moves this Court to deny said Motion. In support of this Opposition, the Duncans state as follows:

    1.    The Complaint alleges in May, 2000, the Duncans purchased a 1999 Gulfstream Tourmaster recreation vehicle for $327,179.00, which was represented by the Defendant to be a new vehicle, fit for the purpose for which it was intended to be used, and of good and merchantable quality. (Complaint, Paragraph 3,5).

    2.    The vehicle was known by the Defendant to be and was, in fact, not of merchantable quality and not fit for the purpose intended and incapable of repair. (Complaint, Paragraph 7). The defects are almost too numerous to mention. (Complaint, Paragraph 11) and the vehicle has been returned to the Defendant where it remains. (Complaint, Paragraph 12).

3. The vehicle has been returned for repairs more than five (5) times and, thereafter, the Duncans rejected and revoked their acceptance of the vehicle. (Complaint, Paragraph 15).

4. Defendant alleges that this action should be transferred because of language contained in a "limited warranty agreement", and attaches a copy of same to its Memorandum as Defendant's Exhibit A.

5. The aforementioned document is a "Limited Warranty Agreement" and is not the purchase document for the vehicle in question. The Duncans' claim, in substance, is that UCC express and implied warranties have been breached, federal statutes under the Magnuson-Moss Warranty Act have been breached, that the Defendant has committed fraud against the Duncans in the sale of a vehicle which it knew could not be repaired and has further failed to accept the revocation of acceptance. Thus, the bulk of the Duncans' claims go to issues far beyond the inability of the Defendant to honor its "Limited Warranty" and for these reasons this case should remain in the United States District Court for the District of Maryland.

6. Plaintiffs' request a hearing on the Motion to Dismiss and their Opposition thereto.

                                                  _____
                                                  Jeffrey N. Pritzker
                                                  Margolis, Pritzker & Epstein, P.A.
                                                  405 E. Joppa Road - Suite 100
                                                  Towson, Maryland 21286
                                                  (410) 823-2222
                                                  Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of March, 2003, a copy of the foregoing Plaintiffs' Opposition to Defendant's Motion to Dismiss or to Transfer was mailed by first-class mail, postage prepaid, to J. Thomas Caskey, Esquire, 401 Washington Avenue, Suite 204, Towson, Maryland 21204, Attorney for Defendant.

_____
Jeffrey N. Pritzker