IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARL DUNCAN, JR., et ux          *

   Plaintiffs                        *

v.                                    *     Civil Action No.: WMN-03-380

GULF STREAM COACH, INC.          *

   Defendant                         *

                              *     *     *

### PLAINTIFFS' OPPOSITION TO DEFENDANT'S
### MOTION TO DISMISS OR TO TRANSFER AND REQUEST FOR HEARING

   Plaintiffs, Carl Duncan, Jr. and Sandra Duncan, his wife, (the "Duncans"), by their attorneys, Jeffrey N. Pritzker and Margolis, Pritzker & Epstein, P.A., in opposition to Defendant's Motion to Dismiss or to Transfer pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, moves this Court to deny said Motion.  In support of this Opposition, the Duncans state as follows:

   1.    The Complaint alleges in May, 2000, the Duncans purchased a 1999 Gulfstream Tourmaster recreation vehicle for $327,179.00, which was represented by the Defendant to be a new vehicle, fit for the purpose for which it was intended to be used, and of good and merchantable quality. (Complaint, Paragraph 3,5).

   2.    The vehicle was known by the Defendant to be and was, in fact, not of merchantable quality and not fit for the purpose intended and incapable of repair. (Complaint, Paragraph 7).  The defects are almost too numerous to mention.  (Complaint, Paragraph 11) and the vehicle has been returned to the Defendant where it remains. (Complaint, Paragraph 12).

3.    The vehicle has been returned for repairs more than five (5) times and, thereafter, the Duncans rejected and revoked their acceptance of the vehicle.  (Complaint, Paragraph 15).

4.    Defendant alleges that this action should be transferred because of language contained in a "limited warranty agreement", and attaches a copy of same to its Memorandum as Defendant's Exhibit A.

5.    The aforementioned document is a "Limited Warranty Agreement" and is not the purchase document for the vehicle in question.  The Duncans' claim, in substance, is that UCC express and implied warranties have been breached, federal statutes under the Magnuson-Moss Warranty Act have been breached, that the Defendant has committed fraud against the Duncans in the sale of a vehicle which it knew could not be repaired and has further failed to accept the revocation of acceptance.  Thus, the bulk of the Duncans' claims go to issues far beyond the inability of the Defendant to honor its "Limited Warranty" and for these reasons this case should remain in the United States District Court for the District of Maryland.

6.    Plaintiffs' request a hearing on the Motion to Dismiss and their Opposition thereto.

_____
Jeffrey N. Pritzker
Margolis, Pritzker & Epstein, P.A.
405 E. Joppa Road - Suite 100
Towson, Maryland 21286
(410) 823-2222
Attorneys for Plaintiffs

2

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 21st day of March, 2003, a copy of the foregoing Plaintiffs' Opposition to Defendant's Motion to Dismiss or to Transfer was mailed by first-class mail, postage prepaid, to J. Thomas Caskey, Esquire, 401 Washington Avenue, Suite 204, Towson, Maryland 21204, Attorney for Defendant.

_____
Jeffrey N. Pritzker

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARL DUNCAN, JR., et al    *

   Plaintiffs                 *

v.                            *      Civil Action No.: WMN-03-380

GULF STREAM COACH, INC.    *

   Defendant               *

                            *   *   *

PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER

Carl Duncan, Jr. and Sandra Duncan, his wife (the "Duncans"), Plaintiffs, by their attorneys, Jeffrey N. Pritzker and Margolis, Pritzker & Epstein, P.A., in opposition to the above Motion, state as follows:

INTRODUCTION

The Duncans have brought an action against Defendant for a rescission of contract, breach of express and implied warranties under the UCC and the Magnuson-Moss Warranty Act, fraud and unfair or deceptive selling practices, refund a return of the purchase price and other damages. Defendant attempts to avoid the jurisdiction of this Court alleging that certain language in a "limited warranty agreement" requires jurisdiction in "the state of manufacture".

The Duncans disagree. There is no showing that the Buyer's Order or Purchase Order for the subject motor coach provided for a choice of forum. The only language in connection with same is contained in the limited warranty agreement. Indeed, if Plaintiffs' claims were solely a failure to repair certain defects which were provided for under the

4

limited warranty agreement, Plaintiffs would agree that jurisdiction would be in the "state of manufacture". This case, however, goes far beyond those items contained in the limited warranty agreement, which items are the sole consideration for the Plaintiffs to have executed same.

Plaintiffs did not, in anyway, limit their choice of forum in their purchase of the motor coach nor did they, in anyway, agree to limit jurisdiction in connection with the fraud perpetrated upon the Plaintiffs by the Defendant. Plaintiffs further did not agree to limit jurisdiction to the "state of manufacture" for claims for unfair or deceptive selling practices nor did they agree to that limitation for violations of the Magnuson-Moss Warranty Act, or express and implied warranties under the UCC.

The courts have held that forum selection clauses are binding unless the party contesting same can "meet the heavy burden of showing that enforcement would be unreasonable, unfair or unjust". The Bremen v. Zapata Off-Shore Company, 407 U.S.1 (1972). In this case, however, the forum selection solely related to the limited warranty agreement and should not be held to limit each and every other claim of the Plaintiffs in this action.

Additionally, this Court has pendent jurisdiction over the claims with regard to the express warranty, since those other claims should survive Defendant's Motion, and the case should remain in Maryland. The Court also has supplemental jurisdiction pursuant to 28 U.S.C.A. Section 1367 for the aforementioned warranty counts which the Defendant alleges should result in dismissal or transfer. Supplemental jurisdiction is intended to reduce diseconomies and, at the same time, limit damage to federalism by limiting the circumstances in which non-diverse state claims may be prosecuted in Federal District

5

Courts. Federal Civil Rules Handbook, Baicker-McKee, Section 2.13 In Re: <u>Abbott</u> <u>Laboratories, Bristol-Meyers Squibb Co.</u>, 51 F.3d 524, 527-29 (5th Cir. 1995).

There was insufficient consideration for the alleged limitation on jurisdiction, as the "limited warranty agreement" does just that - it limits the warranties of the Defendant, rather than expanding same. Since the vehicle was a "consumer good", the laws of the State of Maryland would nullify some of the limitations in the warranty.

Finally, an examination of the particular language that the Defendant refers to indicates that in its Paragraph 6 (jurisdiction and applicable law), the jurisdiction refers to claims, demands or causes of actions for defects or representations of any nature or damages due from such defects or representations. This language is ambiguous, at best, and given the fact that it appears in a limited warranty agreement, a proper reading of same would indicate that the claims or representations must go to any defects in the vehicle or representations in connection with damages or those defects. The section of the warranty above the signature line, cited by the Defendant on page two of its Memorandum, refers only to the earlier sections referring to the "above warranty".

For these reasons, the Defendant's Motion to Dismiss or to Transfer should be denied.

_____
Jeffrey N. Pritzker
Margolis, Pritzker & Epstein, P.A.
405 E. Joppa Road - Suite 100
Towson, Maryland 21286
(410) 823-2222
Attorneys for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

6

I HEREBY CERTIFY that on this 21st day of March, 2003, a copy of the foregoing Plaintiffs' Memorandum In Opposition to Defendant's Motion to Dismiss or to Transfer was mailed by first-class mail, postage prepaid, to J. Thomas Caskey, Esquire, 401 Washington Avenue, Suite 204, Towson, Maryland 21204, Attorney for Defendant.

_____
Jeffrey N. Pritzker