IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARL DUNCAN, JR., et al. | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No.  WMN-03-380 |
| GULF STREAM COACH, INC. | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS OR TRANSFER**

Now comes the defendant, Gulf Stream Coach, Inc. ("Gulf Stream), by its attorney, J. Thomas Caskey, and in response to plaintiffs' opposition to defendant's motion to dismiss or to transfer, states the following:

Plaintiffs assert, without authority, that the forum selection clause in question applies only to claims made under the limited warranty agreement itself and not to claims for unfair or deceptive selling practices, violations of the Magnuson-Moss Warranty Act or breach of warranties under the UCC.  This assertion is belied by the very language of the warranty agreement itself.  That language could not be clearer:

> Exclusive jurisdiction for deciding any claims, demands, or causes of action for defects or representations of any nature or damages due from such defects or representations shall be in the courts in the State of Manufacture. . ..

(Paragraph 7 to Exhibit A to Defendant's Motion to Dismiss.)  This clause covers "any claims. . . of any nature. . ." and clearly states that exclusive jurisdiction for deciding those claims is in the State of Manufacture.  There is no contention that Indiana is not the State of Manufacture.  Attached hereto as Exhibit A is a copy of the memorandum order of the United States District Court for the Western District of Tennessee in the case of <u>Hatchett, et al. v. Gulf Stream Coaches, Inc. et al.</u>, case number 1-2009 GA, which dealt with this precise issue.  The <u>Hatchett</u> court ruled (p. 4) that the forum selection clause as set forth in the same limited warranty agreement encompassed all claims arising out of problems with the vehicle, "whether based on contract or tort principles."

    Indeed, plaintiffs do not contend that the limited warranty agreement is not a binding legal document, nor could they.  They simply question its scope.  As the <u>Hatchett</u> court pointed out (p.4), that scope is not limited to the agreement itself:

> Equally important, the language in the forum selection clause encompasses all claims arising out of problems with the motor home.  The clause governs "<u>any claims</u>. . .<u>for defects or representations of any nature </u>or damage due from such defects or representations." (emphasis in original)

    Finally, above the signatures on that agreement, in bold print, it is stated that the parties have read the agreement particularly "**THE PROVISIONS HEREOF PROVIDING THAT THE EXCLUSIVE JURISDICTION FOR ANY CLAIMS WHATSOEVER SHALL BE IN THE COURTS IN THE STATE OF MANUFACTURE . . . .**"  (Exhibit 2A to Defendant's Motion to Dismiss.)

The plaintiffs also imply that the forum selection clause would not apply to claims for fraud. This assertion was dealt with in the case of <u>Clements, et al. v. Gulf Stream Coach, Inc., et al.</u>, civil number 02-4007, U. S. District Court for the Western District of Arkansas, Texarkana Division (attached hereto as Exhibit B). That court held, at page 3, ". . . . the allegation of fraud in the sale of the motor home will not defeat the forum selection clause in the limited warranty. Plaintiffs must show that the forum selection clause itself was obtained by fraud. <u>M.B. Restaurants, Inc. v. CKE Restaurants, Inc.</u>, 183 F. 3d 750 (8th Cir. 1999)." No such claim is made by the plaintiffs herein. <u>See also</u> <u>Perry, et al. v. Gulf Stream Coach, Inc., et al.</u>, case number CV901-WDS, U. S. District Court for the Southern District of Illinois (page 3, attached hereto as Exhibit C); <u>Ensminger v. Gulf Stream Coach, Inc., et al.</u>, case number 1:99-CV-363, U.S. District Court for the Eastern District of Tennessee (attached hereto as Exhibit D).

Finally, plaintiffs make the disingenuous assertion that because the limited warranty agreement limits the warranties of the defendant, there was therefore insufficient consideration, again without citing any authority. As the affidavit of Anthony Suddon (Exhibit 2 to defendant's Motion to Dismiss or to Transfer) establishes, the limited warranty agreement was one of the sales documents, executed by the plaintiffs in connection with the purchase of the recreational vehicle in question. There is no allegation that this was not an arm's length transaction. The plaintiffs were free to enter into or not. However, if they did choose to purchase the vehicle, the limited warranty agreement was an agreement that

they specifically consented to abide by. The forum selection clause is clearly enforceable and clearly covers the allegations made by the plaintiffs herein, all of which are based on alleged defects or representations concerning the vehicle. See also <u>Eisaman, et al. v. Cinema Grill Systems, Inc., et al.</u>, 87 F. Supp. 2d 446 (D. Md. 1999); <u>Berry v. Soul Circus, Inc.</u>, 189 F. Supp.2d 290 (D. Md. 2002).

WHEREFORE, Defendant respectfully requests that its motion to dismiss or to transfer be granted.

_____
J. Thomas Caskey, Federal Bar No. 00576
401 Washington Avenue
Suite 204
Towson, Maryland 21204
(410)821-6353
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this _____ day of April, 2003, a copy of Defendant's Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss or To Transfer was mailed, first class, postage prepaid, to:

Jeffrey N. Pritzker, Esquire
Margolis, Pritzker & Epstein
405 E. Joppa Road
Suite 100
Towson, Maryland   21286
Attorneys for Plaintiffs

                                                                                                         _____

                                                                                                          J. Thomas Caskey