IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARL DUNCAN, JR., et ux

   Plaintiffs

v.                                              Civil Action No.: WMN-03-380

GULF STREAM COACH, INC.

   Defendant

## AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL

Carl Duncan, Jr., et ux, Plaintiffs, by their attorneys, Jeffrey N. Pritzker and Margolis, Pritzker & Epstein, P.A. sues Gulf Stream Coach, Inc., the Defendant, and in support thereof states:

### The Parties

1    Carl Duncan, Jr. and Sandra Duncan, his wife, are individuals residing in Pasadena, Anne Arundel County, Maryland. They are the purchasers of a 1999 Gulf Stream Tourmaster recreational vehicle purchased by them in May, 2000.

2.    Gulf Stream Coach, Inc. is an Indiana corporation engaged in the business of manufacturing, distributing and selling recreational vehicles in and about the State of Maryland, and the United States, and is the manufacturer, seller and/or distributor of the vehicle giving rise to this cause of action.

### Jurisdiction and Venue

3.    This Court has jurisdiction over the Defendant pursuant to 28 U.S.C. Section 1332 due to the diversity of citizenship of the parties, and the fact that the amount in

controversy exceeds, exclusive of interest and costs, the sum of $75,000.00;

4  Venue is proper pursuant to 28 U.S.C. Section 1391(a)

Factual Background

5. On or about May, 2000, the Plaintiffs purchased from the Defendant, through its agent Bernard Chevrolet, Inc., Libertyville, Illinois, one 1999 Gulf Stream recreational vehicle, serial no.: 4VZAT1799XC029963, at and for a purchase price of $327,179.00. The vehicle was represented by the Defendant to be a new vehicle

6  From the time the vehicle was purchased numerous difficulties occurred and continue to occur, up to and including the present time, all in breach of the Defendant's express warranty and some of which defects are life-threatening

7. At the time of the purchase, the Plaintiffs were led to believe, and relied upon, representations that the subject vehicle was fit for the ordinary purposes for which it was intended to be used and that it was of good and merchantable quality.

8. Defendant further advised the Plaintiffs that the vehicle would have excellent service if necessary.

9. The aforementioned statements were false and were made with fraudulent intent and actual malice in that the Defendant knew, or should have known, that the subject vehicle was not of merchantable quality, was not fit for the purpose intended, and could not be properly repaired

10. That the Plaintiffs have provided the Defendant numerous opportunities over a period of almost 30 months to cure the numerous defects in the subject vehicle, which attempts have been to no avail.

11  In addition to the above, the Plaintiffs have learned that the vehicle, which

4

was represented as a new vehicle, apparently was a used vehicle. These statements regarding the vehicle being a new vehicle were also false and fraudulent, and were made with actual malice

12   The vehicle is impossible to repair satisfactorily and continues to suffer the same, or new defects which render it not fit for safe, reliable or fit transportation, all contrary to the statements and advertisements of Defendant

13   That the defects to the vehicle include, but are not limited to, failure of the generator system; defective tires; defective coach leveling system; defective alternator; defective alternator belt; defective brakes; defective hydraulic fan system; defective aqua-heat system; massive leaks in the bottom of the coach and chassis; defective battery terminals and batteries; defective drive belts; defective transmission and drive shaft assembly; defective leak gauge arm, making vehicle unstable and unwieldy; defective electrical system; defective starting system; defective chassis; defective parking brake; defective steering system; defective air-conditioning system; defective television systems; defective refrigerator system; defective lights and lighting systems; defective washing machine system; defective antennae; defective interior finishing; defective speakers; chipped and cracked paint; defective fuel gauge; low water pressure; defective chrome stripping; defective circuit breaker for generator; defective electrical lights switching system; defective and loose seatbelt installation; defective locking system; defective gaskets; defective wiring under the dashboard area; defective mud flap installation; defective cruise control; defective levelers; defective fixtures in bath area; defective radio; chipped and cracked paint in areas; vehicle has exterior water leaks; defective and leaking air dryer system rendering leveling system and brakes to be inoperable, and numerous

other difficulties

14    As a result of all or some of the aforementioned defects, the vehicle has been inoperable intermittently for a period of approximately one year, and has otherwise been in the possession of the Defendant in an attempt to repair same, most of which attempts have been unsuccessful. The vehicle currently in a state of disrepair in Nappanee, Indiana in possession of the Defendant, Gulf Stream Coach, Inc.

15.    The vehicle has been returned to the Defendant for repairs more than five (5) times, and each time the average time for repair ranges from one to several months Additionally, each time the vehicle has been sent to the Defendant for repair, roughly nine hundred miles are put on the vehicle's odometer as a result of the distance

16.    The vehicle has, on numerous occasions, virtually stopped dead on the highway, and has also suffered a loss of braking and air systems, all causing a dangerous and life-threatening situation on numerous occasions

17    On or about November 22, 2002, the Plaintiffs rejected or revoked acceptance of the vehicle and asked Defendant to return the purchase price. (see letter attached hereto and incorporated herein as Exhibit 1). Defendants have refused to do this

18.    The Defendant sells and/or distributes motor vehicles in and about the State of Maryland

19.    The Gulf Stream motor coach, the property in question, has, prior to the recision, been situate in the State of Maryland

20    Substantial part of the events giving rise to this claim occurred within the State of Maryland

### COUNT ONE - BREACH OF EXPRESS AND IMPLIED

6

## WARRANTIES UNDER THE UCC

21   Plaintiffs incorporate by reference Paragraphs Nos. 1 through 20 as if fully set forth herein.

22   As a result of the foregoing, Plaintiffs have suffered damages

WHEREFORE, Plaintiffs claim the amount of Four Hundred Fifty Thousand Dollars ($450,000.00), plus attorney's fees, and costs.

## COUNT TWO - BREACH OF EXPRESS AND IMPLIED WARRANTIES UNDER THE MAGNUSON-MOSS WARRANTY ACT

23.   Plaintiffs incorporate by reference Paragraphs Nos. 1 through 22 as if fully set forth herein

24.   In committing the foregoing, the Defendant has violated the Magnuson-Moss Warranty Act, 15 USCS Section 2301, et seq., and have caused Plaintiffs damages

WHEREFORE, the Plaintiffs claim the amount of Four Hundred Fifty Thousand Dollars ($450,000.00), plus attorney's fees, and costs

## COUNT THREE - FRAUD

25.   Plaintiffs incorporate by reference Paragraphs Nos. 1 through 24 as if fully set forth herein.

26   In committing the foregoing conduct, the Defendant has caused Plaintiffs to suffer compensatory damages

WHEREFORE, the Plaintiffs claim the amount of Four Hundred Fifty Thousand Dollars ($450,000.00), plus attorney's fees, and costs, and punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00)

## COUNT FOUR - UNFAIR OR DECEPTIVE SELLING PRACTICES

7

27. Plaintiffs incorporate by reference Paragraphs Nos. 1 through 26 as if fully set forth herein.

28. Defendant further committed unfair and deceptive acts in the following respects:

Defendant told Plaintiffs that the vehicle had performance characteristics, uses, and benefits that it did not have;

Defendant breached express and implied warranties;

(c) Defendant failed to repair or replace defects in the vehicle, contrary to the terms of said warranties;

(d) Defendant failed to disclose to Plaintiff material defects of the vehicle which they either knew or should have known about;

(e) Defendant failed to disclose the terms of the above mentioned written warranties pursuant to 16 CFR Section 702;

(f) Defendant failed to recognize the rights of Plaintiffs under the Uniform Commercial Code to revoke their acceptance of the vehicle or to reject the same.

29 In committing the foregoing, Defendant has caused damages to Plaintiffs.

WHEREFORE, the Plaintiffs claim the amount of Four Hundred Fifty Thousand Dollars ($450,000.00), plus attorney's fees, and costs, and punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00).

                                                /s/
                                        Jeffrey N. Pritzker
                                        Margolis, Pritzker & Epstein, P.A
                                        405 E. Joppa Road - Suite 100

Towson, Maryland 21286
(410) 823-2222

Attorney for Plaintiffs

### REQUEST FOR JURY TRIAL

Plaintiffs, by their undersigned counsel, respectfully request that this matter be tried before a Jury.

```
              /s/
_____
Jeffrey N. Pritzker
```

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of April, 2003, a copy of the foregoing Amended Complaint And Request For Jury Trial was mailed by first-class mail, postage prepaid, to J. Thomas Caskey, Esquire, 401 Washington Avenue, Suite 204, Towson, Maryland 21204, Attorney for Defendant.

```
              /s/
_____
Jeffrey N. Pritzker
```

9