UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**SUSAN K. GAUVEY**
**U.S. MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4953

July 1, 2003

Jeffrey N. Pritzker, Esq.
Margolis, Pritzker & Epstein, PA
405 East Joppa Road, Suite 100
Towson, MD 21286

J. Thomas Caskey, Esq.
Law Office of J. Thomas Caskey
401 Washington Avenue, Suite 204
Towson, MD 21204

    Re: Carl Duncan, Jr. et al. v. Gulf Stream Coach, Inc.
       Civil No. SKG-03-380

Dear Counsel:

    Plaintiffs, who reside in Anne Arundel County, Maryland, brought suit in the Circuit Court for Anne Arundel County against defendant, an Indiana corporation, for alleged damages they claim have been incurred as a result of their purchase, from an Illinois dealer, of a defective recreational vehicle manufactured by defendant, and defendant's alleged failure to repair that vehicle. (Paper No. 1). Plaintiffs' causes of action are: (1) breach of express and implied warranties under the UCC; (2) breach of express and implied warranties under the Magnuson-Moss Warranty Act; (3) fraud; and (4) unfair or deceptive selling practices. (Papers Nos. 2 and 15). Plaintiffs seek compensatory damages in the amount of $450,000.00 and punitive damages in the amount of $500,000.00, as well as attorney's fees and costs. (Id.). Defendant subsequently removed the case to federal court, on the basis that diversity and the amount in controversy confer original subject matter jurisdiction on this court. (Paper No. 1).

    Defendant, Gulf Stream Coach, Inc., has filed a motion pursuant to Fed. R. Civ. P. 12(b)(3) to dismiss plaintiff's complaint. Defendant moves, in the alternative, to transfer the case pursuant to 28 U.S.C. § 1404(a) to the United States

District Court for the Northern District of Indiana, South Bend Division. (Paper No. 8). The primary basis for defendant's motion is a forum selection clause in the limited warranty agreement. Plaintiffs, Carl and Sandra Duncan, oppose defendant's motions. (Paper No. 10). Defendant replied to plaintiffs' opposition. (Paper No. 11). Plaintiffs subsequently filed a supplemental reply in which they allege that the signatures purported to be theirs on the limited warranty agreement are forged. (Paper No. 12). Additionally, plaintiffs submitted an affidavit, executed by Mr. Duncan, to that effect. (<u>Id.</u>). No hearing is necessary. Local Rule 105.6. During a May 28, 2003 scheduling conference, the Court gave defendant until June 30 to supplement its motion (Paper No. 19), and by order dated June 30, 2003, granted an extension to July 10, 2003. Notwithstanding that extension and to expedite resolution of this motion, the Court files this letter opinion. The Court will not rule on the pending motion at present, because it requires additional information from plaintiffs and awaits the defendant's supplemental submission, for the reasons set forth below.

### The Parties' Arguments & Relevant Facts

Defendant argues that this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3), improper venue, on the basis that plaintiffs signed, at the time they purchased the recreational vehicle at issue, a limited warranty agreement containing a forum selection clause specifying the State of Manufacture as the exclusive jurisdiction "for deciding any claims, demands, or causes of action for defects or representations of any nature or damages due from such defects or representations . . . ." (Paper No. 8) (quoting the forum selection clause in the limited warranty agreement). Defendant has submitted an affidavit by Anthony Suddon, Director of Consumer Affairs for defendant Gulf Stream Coach, Inc., stating: (1) that the state of manufacture of the recreational vehicle in question is Indiana; and (2) that company records indicate that plaintiffs signed various contractual sales documents, including a "limited warranty agreement" and a "subsequent owner warranty registration", and that the limited warranty agreement not only contained an exclusive forum selection clause, but an explicit acknowledgment of that clause, immediately above plaintiffs' signatures. (Ex. 2, to Paper No. 8). Two signatures, purporting to be those of "Carl Duncan" and "Sandy Duncan",

appear on the limited warranty agreement.  (Ex. A, to Paper No. 8).  Additionally, a signature purporting to be that of "Sandra Duncan" appears on the subsequent owner warranty registration, which includes language that acknowledges receipt of the warranty and agrees to comply with its terms immediately above the signature.  (Ex. B, to Paper No. 8).  Therefore, defendant claims that the forum selection clause requires the action to be adjudicated in Indiana, that the District of Maryland is an improper venue, and that the complaint should be dismissed, or in the alternative transferred to the Northern District of Indiana.  (Paper No. 8).

Plaintiffs originally contend, in their opposition, that the clause contained in the limited warranty agreement "did not, in any way, limit their choice of forum in their purchase [of the vehicle] nor . . . did they . . . agree to limit jurisdiction in connection with [any of their causes of action]."  (Paper No. 10, 5).  Plaintiffs acknowledge that forum selection clauses are binding unless the party contesting them can "meet the heavy burden of showing that enforcement would be unreasonable, unfair or unjust" that is required by M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972).  (Id.).  However, plaintiffs claim that the forum selection clause is nonetheless inapplicable, asserting that (1) it is related solely to the limited warranty agreement; (2) that there was insufficient consideration for the alleged limitation on jurisdiction; and (3) that the language contained in the forum selection clause is ambiguous, and that "a proper reading of same would indicate that the claims or representations must go to any defects in the vehicle or representations in connection with damages or those defects."  (Id. at 6).  Plaintiffs, however, cite no authority for the previous three arguments.[1]

Defendant counters, in its reply, that the language of the forum selection clause is unambiguous and that Indiana is the undisputed state of manufacture.  (Paper No. 11).  Additionally, defendant argues:  (1) that the forum selection

---

[1] Plaintiffs also assert that this Court has pendent and supplemental jurisdiction for the express warranty counts.  It is not clear from plaintiffs' brief how this affects what is currently framed as a venue dispute over the scope and validity of a forum selection clause.

clause at issue has been held to encompass all claims arising out of any problems with the vehicle whether based on contract or tort principles; (2) forum selection clauses may not be defeated by general allegations of fraud, and for such a clause to be rendered inoperative on that basis requires a showing that the forum selection clause itself was obtained by fraud; and (3) that plaintiffs' argument regarding insufficient consideration is disingenuous, as the limited warranty was executed by plaintiffs in connection with the purchase of the vehicle.  (Id.).  Defendant cites four unpublished district court opinions from other circuits with similar Gulf Stream clauses at issue, in which each court held the clause operable, as well as two published District of Maryland opinions in which other forum selection clauses were held operable and either the motions to dismiss or to transfer were granted on that basis.  (Id.).

Plaintiffs, as noted previously, subsequently claimed that the purported signatures on the limited warranty agreement are not theirs, but rather forgeries, and that they are obviously different from plaintiffs' signatures.  (Paper No. 12).  Thus, they claim defendant's motion to dismiss or transfer must fail, apparently on the basis that the forum selection clause itself is fraudulent.

### Defendant's Motion to Dismiss

Fed. R. Civ. P. 12(b)(3) provides that a claim may be dismissed on the grounds of improper venue.  The law governing the enforceability of a forum selection clause in the context of a motion to dismiss depends on the nature of the underlying action.  In diversity cases the Fourth Circuit applies state law to determine whether a forum selection clause is enforceable.  Eisaman v. Cinema Grill Systems, Inc., 87 F.Supp.2d 446, 448 (D. Md. 1999) (citing Nutter v. New Rents, Inc., 945 F.2d 398 (4th Cir. 1991) (unpublished)).  In this case, Indiana, Illinois, and Maryland law are all potentially applicable.[2]  A choice of law analysis,[3] however, is not

---

[2] The parties do not make any arguments as to which state's law governs.  Additionally, while the forum selection clause at issue also includes choice of law language indicating that the law of Indiana should govern, the Court should not necessarily rely on it in deciding which state's law to apply since the validity of the

required, because all three states have adopted the federal standard for evaluation of forum selection clauses announced by the Supreme Court in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972). Gilman v. Wheat, First Securities, Inc., 345 Md. 361, 377-78, 692 A.2d 454, 462-63 (1997); Calanca v. D & S Mfg. Co., 157 Ill.App.3d 85, 510 N.E.2d 21, 23-24 (1st Dist. 1987); Horner v. Tilton, 650 N.E.2d 759, 763 (Ind.Ct.App. 1995). Therefore, federal law will be used to determine the validity of the forum selection clause.

Before undertaking that analysis, however, it is necessary to determine whether the forum selection clause is mandatory or permissive. A mandatory forum selection clause that is otherwise valid must be enforced. A permissive clause, however, does not require dismissal. See Eisaman, 87 F.Supp.2d 446, 449 (D. Md. 1999) and cases cited therein. The forum selection clause in this case provides that "[e]xclusive jurisdiction for deciding any claims, demands or causes of action for defects or representations of any nature or damages due from such defects or representations shall be in the courts in the State of Manufacture [Indiana]." (Ex. A, to Paper No. 8) (emphasis added). There is no doubt that the forum selection clause in this case is mandatory. The clause uses the word "exclusive" and requires that any action "shall" be brought in Indiana. By the clear and unambiguous terms of the forum selection clause, suit may be brought only in Indiana, not in the District of Maryland. See Sterling Forest Assocs. Ltd. v. Barbett-Range Corp., 840 F.2d 249 (4th Cir. 1988) (rev'd on other grounds) (finding a similar forum selection clause unambiguous and mandatory). Therefore, the Court finds that the clause is mandatory.

The next issue is whether the mandatory forum selection clause is enforceable. Forum selection clauses are prima

---

document that contains the clause is in question.

[3] Maryland's traditional contract conflict rule is lex loci contractus, which mandates that the construction and validity of a contract is governed by the law of the state where the contract was made. American Motorists Ins. Co. v. ARTRA Group, Inc., 338 Md. 560, 570-73, 659 A.2d 1295, 1300-01 (1995). In determining choice of law, a contract is made where the last act necessary to make the contract binding occurs. Commercial Union Ins. Co. v. Porter Hayden Co., 97 Md.App. 442, 451, 630 A.2d 261, 226 (1993) (rev'd on other grounds).

facie valid.  M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972).  See also Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991).  The party challenging the forum selection clause bears the heavy burden of proving that the clause is not enforceable.  Bremen, 407 U.S. 1, 17 (1972).  However, the presumption of enforceability may be overcome by a clear showing that the clause is "unreasonable under the circumstances."  Id. at 10 (internal quotations omitted).  A forum selection clause may be deemed unenforceable if: (1) it was formed by overreaching or fraud; (2) the effect of enforcement is to deny the opposing party his day in court or a substantive remedy; or (3) enforcement would contravene a strong public policy of the forum state.  Bremen, 407 U.S. 1, 12-19 (1972).  See also Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991); Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996); Berry v. Soul Circus, Inc., 189 F.Supp.2d 290, 293 (D. Md. 2002).

### Additional Information Required By The Court

In the instant case, plaintiffs did not contend initially that the forum selection clause itself was formed or procured by fraud, but rather generally asserted fraud in the context of one of their causes of action.  Subsequently, however, plaintiffs asserted that the two signatures purported to be theirs on the limited warranty agreement containing the forum selection clause are forgeries, and Mr. Duncan submitted an affidavit to that effect.  To date, plaintiffs' allegation in this regard remains unrebutted by defendant.  Thus, there is unrebutted evidence before this Court that the forum selection clause itself may have been procured by fraud.

Plaintiffs, however, bear the "heavy" burden of making a clear showing that the forum selection clause is "unreasonable", in this case that it was procured by fraud, in order to overcome the mandatory forum selection clause at issue.  See, e.g., Berry v. Soul Circus, Inc., 189 F.Supp.2d 290, 294 (D. Md. 2002); Lawler v. Schumacher Filters America, Inc., 832 F.Supp. 1044, 1049 (E.D. Va. 1993).  The Court finds that plaintiffs have not yet made a sufficient showing for it to deny defendant's motion to dismiss on the basis that the forum selection clause was procured by fraud for the following reasons.

Plaintiffs have not claimed that the signature purporting to be that of "Sandra Duncan" on the subsequent owner warranty

registration, which includes language that acknowledges receipt of the warranty and agrees to comply with its terms immediately above the signature, is forged.  (Ex. B, to Paper No. 8).  Notably, the three signatures on both documents, that is, the limited warranty agreement and the subsequent owner warranty registration, appear to have been signed by the same person.  (Compare Ex. A, to Paper No. 8, with Ex. B, to Paper No. 8).  Therefore, the Court requires an affidavit from Sandra Duncan, whose purported signature appears on the subsequent owner warranty registration, as to whether or not that signature is hers.

Additionally, Mrs. Duncan has not submitted an affidavit alleging that her signature on the limited warranty agreement was forged.  While the Court notes that Carl Duncan submitted an affidavit stating that both his and Sandra Duncan's signatures on the limited warranty agreement were forged, Mr. Duncan's affidavit as to the authenticity of Mrs. Duncan's signature is insufficient.  Therefore, the Court also requires an affidavit from Mrs. Duncan as to whether or not the signature on that document is hers.

Finally, there are no signatures of either plaintiff before the Court other than the aforementioned, as Mr. Duncan's affidavit, in which he stated that the signatures on the limited warranty agreement were not genuine, was electronically signed pursuant to electronic filing procedures.  Therefore, the Court requires, from both plaintiffs, exemplars of their genuine signatures that appear on any document(s) that predate filing of this suit for purposes of comparison.  Additionally, the Court requires both plaintiffs to state by affidavit that the signature exemplars thus submitted for the Court's examination are genuine.

To summarize, the Court requires the following additional information from plaintiffs by July 10, 2003: (1) an affidavit from Sandra Duncan as to whether or not the signature on the subsequent owner warranty registration is hers; (2) an affidavit from Sandra Duncan as to whether or not the signature on the limited warranty agreement is hers; (3) exemplars from both plaintiffs of their genuine signatures on any document(s) that predate filing of this suit; (4) affidavits from both plaintiffs stating that the signature exemplars thus submitted are genuine.

Following receipt of this information and any further

briefing from defendant, the Court will rule on the pending motion. Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

                                      Very truly yours,

                                                 /s/

                                      Susan K. Gauvey
                                      United States Magistrate Judge

cc: Court File