IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARL DUNCAN, JR., et ux | * | |
|    Plaintiffs | * | |
| v. | * | Civil Action No.: WMN-03-380 |
| GULF STREAM COACH, INC. | * | |
|    Defendant | * | |
| | *    *    * | |

### PLAINTIFF'S REPLY TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TRANSFER

Carl Duncan, Jr. and Sandra Duncan, by their attorneys, Jeffrey N. Pritzker and Margolis, Pritzker & Epstein, P.A. replies to the Supplemental Memorandum in Support of Motion to Dismiss or to Transfer, and states facts:

1. The Defendant filed a Motion to Dismiss or to Transfer based upon a forum selection clause contained in a limited warranty document, allegedly signed by the Plaintiffs. The Defendant now admits that those signatures were forgeries. Having failed in its initial attempt to deprive this Court of jurisdiction based upon those signatures, the Defendant now attempts to convince the Court that there was "an implied contract" that somehow impliedly deprives this Court of jurisdiction.

2. The substance of Defendant's argument is that the Plaintiffs received the benefit of warranty repairs to their new motor home, which they had purchased from the Defendant, and therefore each and every term of the forged limited warranty agreement applied to these Plaintiffs, including but not limited to, the forum selection clause. This of course is not the case, and, implied warranties of merchantability, fitness for purpose, etc.

are provided purchasers of consumer goods, without the necessity of a written warranty.

3. More importantly, however, the Court granted the Defendant an opportunity for limited discovery on these issues. The Defendant took the deposition of Carl Duncan, Jr., one of the Plaintiffs, on June 16, 2003. Mr. Duncan was asked about the limited warranty agreement and responded as follows:

> Q. "So you get this in the mail which says limited warranty agreement and talks about such things, did you at that time believe that you could rely upon this document in case your vehicle did not perform or in case there were any defects or problems with it?
>
> A. No, I didn't believe I could rely on anything to do with Gulf Stream at that point with regards to any documentation when somebody signatures your name, anything they have on hard copy to me would be - -.
>
> Q. In that case then, did you ever demand that they forward you a warranty to set forth in writing what you were to expect?
>
> A. We contacted the Gulf Stream people, it was a weekly conversation with regards to, we couldn't get this thing out of our back yard in terms of the warranty and the repairability of the unit. They had simply indicated that we'll stand ready and available and waiting to take care of your issues and problems, et cetera. Most of what had happened was verbalized. I had asked about something on hard copy, what can I depend on, again, I constantly got verbal, ambiguous conversations that we take care of all of our customers and you can depend on that happening."

Carl Duncan, Jr. deposition, transcript page 29 through 30.

4. Certainly, the Plaintiffs expected to receive and did in fact receive, the benefit of a warranty, even though the repairs were never satisfactorily performed. That benefit, in no way could be expected to deprive them of the jurisdiction of this Court, without their expressly so evidencing their agreement.

5.     Finally, Defendant argues estoppel as a defense, stating in substance that the Plaintiffs should be "estopped because their conduct has somehow misled another into relying to his detriment on a non-existing state of affairs". It is difficult to understand how a Maryland couple purchasing a new $300,000.00 plus motor home, and expecting warranty repairs, somehow misled another by requesting that those repairs be performed, particularly when the evidence is that the Plaintiff Carl Duncan, Jr. contacted Gulf Stream to have the vehicle repaired and was told that it would be repaired, without any mention whatsoever that a request for repair somehow deprived Mr. Duncan of Maryland Court jurisdiction.

WHEREFORE, Plaintiffs respectfully request this Court to deny Defendant's Motion to Dismiss or Transfer.

>                    /s/
> Jeffrey N. Pritzker
> Margolis, Pritzker & Epstein, P.A.
> 405 E. Joppa Road - Suite 100
> Towson, Maryland 21286
> (410) 823-2222
> Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of July 2003, a copy of the foregoing "Plaintiff's Reply to Defendant's Supplemental Memorandum in Support of Motion to Dismiss or Transfer", was mailed first-class, postage prepaid, to J. Thomas Caskey, Esquire, 401 Washington Avenue, Suite 204, Towson, Maryland 21204, Attorney for Defendant.

>                    /s/
> Jeffrey N. Pritzker