UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**SUSAN K. GAUVEY**
**U.S. MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-4953**

August 22, 2003


Jeffrey N. Pritzker, Esq.
Margolis, Pritzker & Epstein, PA
405 East Joppa Road, Suite 100
Towson, MD 21286

J. Thomas Caskey, Esq.
Law Office of J. Thomas Caskey
401 Washington Avenue, Suite 204
Towson, MD 21204

    Re: Carl Duncan, Jr. et al. v. Gulf Stream Coach, Inc.
       Civil No. SKG-03-380

Dear Counsel:

    Plaintiffs, who reside in Anne Arundel County, Maryland, brought suit in the Circuit Court for Anne Arundel County against defendant, an Indiana corporation, for alleged damages incurred as a result of their purchase, from an Illinois dealer,[1] of a defective recreational vehicle manufactured by defendant, and defendant's alleged failure to repair that vehicle. (Paper No. 1). Plaintiffs' causes of action are: (1) breach of express and implied warranties under the UCC; (2) breach of express and implied warranties under the Magnuson-Moss Warranty Act; (3) fraud; and (4) unfair or deceptive selling practices. (Papers Nos. 2 and 15). Plaintiffs seek compensatory damages in the amount of $450,000.00 and punitive damages in the amount of $500,000.00, as well as attorney's fees and costs. (_Id._). Defendant subsequently removed the case to federal court, on the basis that diversity and the amount in controversy confer original subject matter jurisdiction on this court. (Paper No. 1).

---

    [1] Plaintiffs purchased the vehicle from Bernard Chevrolet, Inc., in Libertyville, Illinois. (Paper No. 15 at 4).

Defendant, Gulf Stream Coach, Inc., has filed a motion pursuant to Fed. R. Civ. P. 12(b)(3) to dismiss plaintiff's complaint, or, in the alternative, to transfer the case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Indiana, South Bend Division. (Paper No. 8). The primary basis for defendant's motion is a forum selection clause in the limited warranty agreement. Plaintiffs, Carl and Sandra Duncan, oppose defendant's motion. (Paper No. 10). Defendant replied to plaintiffs' opposition. (Paper No. 11). Plaintiffs subsequently filed a supplemental reply in which they allege that the signatures purported to be theirs on the limited warranty agreement are forged. (Paper No. 12). Additionally, plaintiffs submitted affidavits and exemplars to that effect. (Papers Nos. 12, 23).

The Court, by order dated June 30, 2003, extended the deadline for defendant to submit supplemental briefing on this matter to July 10, 2003. (Paper No. 21). Additionally, the Court, in a letter order dated July 1, 2003, required additional information from plaintiffs. (Paper No. 22). Plaintiffs timely submitted the information on July 9, 2003. (Paper No. 23). Defendant again requested an extension of the deadline for supplemental briefing to July 18, 2003, which the Court granted.[2] Defendant timely submitted a supplemental memorandum with exhibits. (Paper No. 24). Plaintiffs replied. (Paper No. 25). On July 22, 2003, defendant filed a purported addendum to its supplemental memorandum with an attached affidavit. (Paper No. 26). Plaintiffs filed a motion to strike defendant's addendum. (Paper No. 27).

No hearing is necessary. Local Rule 105.6. For the reasons set forth below, the Court **DENIES** defendant's motion

---

[2] Defendant made this request for extension by e-mailing chambers, having cc'd plaintiffs' counsel. However, Local Rule 105.9 presumes that requests for such extensions shall be made by formal motion, and the Court advises counsel to file a formal motion in the future when requesting such extensions. Additionally, Local Rule 105.9 requires that the moving party state in the motion whether the consent of opposing counsel has been obtained, and likewise advises counsel to comply with this requirement.

to dismiss but **GRANTS** defendant's motion in the alternative to transfer the case to the Northern District of Indiana, South Bend Division, and **GRANTS** plaintiffs' motion to strike.  The entire action is hereby **TRANSFERRED** to the United States District Court for the Northern District of Indiana, South Bend Division.

I.  <u>**Defendant's Motion to Dismiss or to Transfer**</u>
    **(Paper No. 8)**

   A.  The Parties' Arguments

Defendant initially argued that this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3), improper venue, on the basis that plaintiffs signed, at the time they purchased the recreational vehicle at issue, a limited warranty agreement containing a forum selection clause specifying the State of Manufacture as the exclusive jurisdiction "for deciding any claims, demands, or causes of action for defects or representations of any nature or damages due from such defects or representations . . . ."  (Paper No. 8) (quoting the forum selection clause in the limited warranty agreement).  Defendant submitted an affidavit by Anthony Suddon, Director of Consumer Affairs for defendant Gulf Stream Coach, Inc., stating:

> (1) that the state of manufacture of the recreational vehicle in question is Indiana; and
>
> (2) that company records indicated that plaintiffs signed various contractual sales documents, including a "limited warranty agreement" and a "subsequent owner warranty registration", and that the limited warranty agreement not only contained an exclusive forum selection clause, but an explicit acknowledgment of that clause, immediately above plaintiffs' signatures.  (Ex. 2, to Paper No. 8).

Two signatures, purporting to be those of "Carl Duncan" and "Sandy Duncan", appear on the limited warranty agreement.  (Ex. A, to Paper No. 8).  Additionally, a signature purporting to be that of "Sandra Duncan" appears on the subsequent owner warranty registration, which includes language that acknowledges receipt of the warranty and agrees to comply with its terms immediately above the signature.  (Ex. B, to Paper

No. 8). Therefore, defendant claimed that the forum selection clause requires the action to be adjudicated in Indiana, that the District of Maryland is an improper venue, and that the complaint should be dismissed, or in the alternative transferred to the Northern District of Indiana. (Paper No. 8).

Plaintiffs originally contended that the clause contained in the limited warranty agreement "did not, in any way, limit their choice of forum in their purchase [of the vehicle] nor . . . did they . . . agree to limit jurisdiction in connection with [any of their causes of action]." (Paper No. 10, 5). Plaintiffs acknowledge that forum selection clauses are binding unless the party contesting them can "meet the heavy burden of showing that enforcement would be unreasonable, unfair or unjust" under M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972). (Id.). However, plaintiffs claimed that the forum selection clause is nonetheless inapplicable, asserting that (1) it is related solely to the limited warranty agreement; (2) that there was insufficient consideration for the alleged limitation on jurisdiction; and (3) that the language contained in the forum selection clause is ambiguous, and that "a proper reading of same would indicate that the claims or representations must go to any defects in the vehicle or representations in connection with damages or those defects." (Id. at 6). Plaintiffs, however, cite no authority for the previous three arguments.

Defendant countered that the language of the forum selection clause is unambiguous and that Indiana is the undisputed state of manufacture. (Paper No. 11). Additionally, defendant argued:

> (1) that the forum selection clause at issue has been held to encompass all claims arising out of any problems with the vehicle whether based on contract or tort principles;
>
> (2) forum selection clauses may not be defeated by general allegations of fraud, and for such a clause to be rendered inoperative on that basis requires a showing that the forum selection clause itself was obtained by fraud; and
>
> (3) that plaintiffs' argument regarding insufficient consideration is disingenuous, as the limited

warranty was executed by plaintiffs in connection with the purchase of the vehicle. (Id.). Defendant cites four unpublished district court opinions from other circuits with similar Gulf Stream clauses at issue, in which each court held the clause effective, as well as two published District of Maryland opinions in which other forum selection clauses were held effective and either the motions to dismiss or to transfer were granted on that basis. (Id.).

Plaintiffs, as noted previously, subsequently claimed that the purported signatures on the limited warranty agreement are not theirs, but rather forgeries, and that they are obviously different from plaintiffs' signatures. (Paper No. 12). Thus, they claim defendant's motion to dismiss or transfer must fail, on the basis that the forum selection clause itself is fraudulent.

Plaintiffs, in the information submitted pursuant to the Court's order, have both provided affidavits stating that both of their signatures on the limited warranty agreement are forged. Additionally, Sandra Duncan has submitted an affidavit that the signature on the owner warranty registration purporting to be hers is also forged. Finally, both plaintiffs submitted two signature exemplars each, predating this suit, for the Court's examination.

In its supplemental memorandum, defendant does not contest plaintiffs' assertions that the signatures on the limited warranty agreement were signed by someone other than the plaintiffs, noting that "whoever signed their names initialed both signatures as well."[3] (Paper No. 24, at 1). Defendant, having deposed Mr. Duncan in the interim, cites his deposition wherein Mr. Duncan acknowledged having received the limited warranty agreement within thirty days by mail after delivery of the vehicle. (Id.). Defendant has submitted a second affidavit by Mr. Suddon asserting that on eight separate occasions between May 12, 2000 to September 6, 2002, repairs were made to the vehicle at defendant's expense pursuant to the terms of the limited warranty agreement. (Id.). In further support of this assertion defendant

---

[3] It appears that there are initials in the margin next to the signatures, although the initials are not clearly discernible.

attached copies of the repair orders to its supplemental memorandum.  Defendant thus argues that by accepting the benefits of the limited warranty agreement, as well as by accepting the vehicle, plaintiffs impliedly accepted the terms of the limited warranty agreement and are thus barred by principles of estoppel from denying they are bound by its terms.  (Id. at 2-4).

In reply to defendant's supplemental memorandum, plaintiffs simply assert that defendant's new arguments have no merit, without citing any authority whatsoever.  (Paper No. 25).  Plaintiffs quote from a portion of Mr. Duncan's deposition, which was not attached as an exhibit and which is found nowhere else in the papers, citing his assertion that even though he received the warranty in the mail, he "didn't believe he could rely on anything to do with Gulf Stream."  (Id. at 2).  Plaintiffs, in response to defendant's estoppel argument, conclude that "[i]t is difficult to understand how a Maryland couple purchasing a new $300,000.00 plus motor home, and expecting warranty repairs, somehow misled another by requesting that those repairs be performed . . . without any mention whatsoever that a request for repair somehow deprived Mr. Duncan of Maryland Court jurisdiction."  (Id. at 3). Again, plaintiffs cite no authority for their assertions.

### B.  The Forum Selection Clause

Fed. R. Civ. P. 12(b)(3) provides that a claim may be dismissed on the grounds of improper venue.  The law governing the enforceability of a forum selection clause in the context of a motion to dismiss depends on the nature of the underlying action.  In diversity cases the Fourth Circuit applies state law to determine whether a forum selection clause is enforceable.  Eisaman v. Cinema Grill Systems, Inc., 87 F.Supp.2d 446, 448 (D. Md. 1999) (citing Nutter v. New Rents, Inc., 945 F.2d 398 (4th Cir. 1991) (unpublished)).  In this case, Indiana, Illinois, and Maryland law are all potentially applicable.[4]  A choice of law analysis,[5] however, is not

---

[4] The parties do not make any arguments as to which state's law governs.  Additionally, while the forum selection clause at issue also includes choice of law language indicating that the law of Indiana should govern, the Court should not necessarily rely on it in deciding which state's law to apply since the validity of the

required, because all three states have adopted the federal standard for evaluation of forum selection clauses announced by the Supreme Court in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972). Gilman v. Wheat, First Securities, Inc., 345 Md. 361, 377-78, 692 A.2d 454, 462-63 (1997); Calanca v. D & S Mfg. Co., 157 Ill.App.3d 85, 510 N.E.2d 21, 23-24 (1st Dist. 1987); Horner v. Tilton, 650 N.E.2d 759, 763 (Ind.Ct.App. 1995). Therefore, federal law will be used to determine the validity of the forum selection clause itself.

Before undertaking that analysis, however, it is necessary to determine whether the forum selection clause is mandatory or permissive. A mandatory forum selection clause that is otherwise valid must be enforced. A permissive clause, however, does not require dismissal. See Eisaman, 87 F.Supp.2d 446, 449 (D. Md. 1999) and cases cited therein. The forum selection clause in this case provides that "[e]xclusive jurisdiction for deciding any claims, demands or causes of action for defects or representations of any nature or damages due from such defects or representations shall be in the courts in the State of Manufacture [Indiana]." (Ex. A, to Paper No. 8) (emphasis added). There is no doubt that the forum selection clause in this case is mandatory. The clause uses the word "exclusive" and requires that any action "shall" be brought in Indiana. By the clear and unambiguous terms of the forum selection clause, suit may be brought only in Indiana, not in the District of Maryland. See Sterling Forest Assocs. Ltd. v. Barbett-Range Corp., 840 F.2d 249 (4th Cir. 1988) (rev'd on other grounds) (finding a similar forum selection clause unambiguous and mandatory). Therefore, the Court finds that the clause is mandatory.

The next issue is whether the mandatory forum selection clause is enforceable. Forum selection clauses are prima

---

document that contains the clause is in question.

[5] Maryland's traditional contract conflict rule is lex loci contractus, which mandates that the construction and validity of a contract is governed by the law of the state where the contract was made. American Motorists Ins. Co. v. ARTRA Group, Inc., 338 Md. 560, 570-73, 659 A.2d 1295, 1300-01 (1995). In determining choice of law, a contract is made where the last act necessary to make the contract binding occurs. Commercial Union Ins. Co. v. Porter Hayden Co., 97 Md.App. 442, 451, 630 A.2d 261, 226 (1993) (rev'd on other grounds).

facie valid.  M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972).  See also Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991).  The party challenging the forum selection clause bears the heavy burden of proving that the clause is not enforceable.  Bremen, 407 U.S. 1, 17 (1972).  However, the presumption of enforceability may be overcome by a clear showing that the clause is "unreasonable under the circumstances."  Id. at 10 (internal quotations omitted).  A forum selection clause may be deemed unenforceable if: (1) it was formed by overreaching or fraud; (2) the effect of enforcement is to deny the opposing party his day in court or a substantive remedy; or (3) enforcement would contravene a strong public policy of the forum state.  Bremen, 407 U.S. 1, 12-19 (1972).  See also Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991); Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996); Berry v. Soul Circus, Inc., 189 F.Supp.2d 290, 293 (D. Md. 2002).

    In the instant case, plaintiffs did not contend initially that the forum selection clause itself was formed or procured by fraud, but rather generally asserted fraud in the context of one of their causes of action.  Subsequently, however, plaintiffs asserted that the two signatures purported to be theirs on the limited warranty agreement containing the forum selection clause were forgeries, and plaintiffs submitted affidavits and exemplars to that effect.  Defendant subsequently acknowledged that the signatures on the documents are not those of the plaintiffs.

    Plaintiffs bear the "heavy" burden of making a clear showing that the forum selection clause is "unreasonable", in this case that it was procured by fraud, in order to overcome the mandatory forum selection clause at issue.  See, e.g., Berry v. Soul Circus, Inc., 189 F.Supp.2d 290, 294 (D. Md. 2002); Lawler v. Schumacher Filters America, Inc., 832 F.Supp. 1044, 1049 (E.D. Va. 1993).  However, the Court finds that plaintiffs have not carried their burden.  While the Court finds that plaintiffs, by submitting the additional information required by the Court, have demonstrated that they did not sign the documents, the initials in the margin of the limited warranty agreement, as pointed out by defendant, seem to indicate that the signatures were likely not intended to be "forgeries" in the legal sense, but were rather signed "for" the plaintiffs.  Therefore, the Court finds that plaintiffs have not "clearly" shown that the forum selection clause was formed or procured by fraud.  Id.

**C. The Limited Warranty Agreement, Implied Contract, & Estoppel As They Relate To The Mandatory Forum Selection Clause**

An implied contract is an agreement created by conduct indicating the intention of the parties to make an agreement. County Comm'rs of Caroline County, Maryland v. J. Roland Dashiell & Sons, Inc., 358 Md. 83, 94 (2000). See also Pub. Serv. Comm'n v. Highfield Water Co., 293 Md. 1, 441 A.2d 1031 (1982). Assent to an implied contract may be manifested by conduct, and neither mental assent to terms nor intent that promises be binding is required. Ray v. William G. Eurice & Bros., Inc., 201 Md. 115, 93 A.2d 272 (1952).

In the instant case, plaintiffs clearly evinced such conduct. Mr. Duncan admitted, in his deposition, that he had received the limited warranty agreement within thirty days after taking delivery of the vehicle. The Court agrees with defendant that plaintiffs relied on the limited warranty agreement and accepted the benefits of it in obtaining warranty service and repairs, to defendant's detriment. Defendant has submitted as exhibits the repair orders spanning more than a two year period. Notwithstanding Mr. Duncan's assertion to the contrary, as quoted by counsel,[6] there is no evidence that plaintiffs had reason to believe that defendant Gulf Stream was making repairs pursuant to any other agreement. The limited warranty agreement provides:

> This Limited Warranty is expressly IN LIEU of any other express warranty and further IN LIEU of any implied warranty, including, but not limited to, any implied WARRANTY OF MERCHANTABILITY or FITNESS for a particular purpose . . . .

(Paper No. 8, Ex. A) (emphasis in the original). Moreover, Mr. Duncan signed at least five of the repair orders, each of which state that "[t]his form is for warranty use only" and that "[c]ustomer's signature confirms acceptance and satisfaction of warranty work performed by the dealer." (Paper No. 24, Ex. B).

---

[6] This portion of Mr. Duncan's deposition is not before the Court.

Additionally, the Court agrees with defendant that plaintiffs are barred by principles of estoppel from denying that they are bound by the terms of the limited warranty agreement. Biser v. Town of Bel Air, 991 F.2d 100, 105 (4th Cir. 1993) (applying Maryland law and explaining that estoppel derives from a court's duty to do justice and necessarily depends upon the facts and circumstances of the case). Pursuant to the doctrine of estoppel, a party will be precluded by his voluntary conduct from asserting rights that otherwise might have existed as against a person who relied on such conduct in good faith and thereby was led to change his condition for the worse. Catholic Univ. of Am. v. Bragunier Masonry Contrs., Inc., 139 Md. App. 277, 305, 775 A.2d 458 (2001), aff'd, 368 Md. 608, 796 A.2d 744 (2002). Estoppel consists of three elements: (1) voluntary conduct or a representation by the party to be estopped, even if there is no intent to mislead; (2) reliance by the estopping party; (3) and detriment to the estopping party. Id. In the instant case, plaintiffs' conduct comprised availing themselves of the benefits of the agreement by requesting and receiving extensive repairs for which defendant paid. Defendant thus relied on plaintiffs' conduct by paying for those repairs pursuant to the agreement that it had sent to plaintiffs shortly after delivering the vehicle, which plaintiffs acknowledged receiving and reading, to its detriment. Thus, the Court agrees that plaintiffs should be estopped from denying that the terms of the agreement, specifically the mandatory forum selection clause, are enforceable.

### D. Conclusion

Plaintiffs have provided some evidence that the forum selection clause at issue in the instant case may have been procured by fraud. Clearly, as defendant now acknowledges, plaintiffs did not sign the documents in question. Therefore, someone else obviously signed plaintiffs' names to those documents. Whether the signatures on the documents were placed there with some fraudulent purpose or for some other reason is less clear, however, as the Court can discern initials in the margins next to plaintiffs' purported signatures on the limited warranty agreement.

Moreover, plaintiffs have acknowledged receiving the limited warranty agreement within thirty days of having taken delivery of their new recreational vehicle. Significantly, that agreement sets out clearly the mandatory forum selection

clause and also specifies that the limited warranty agreement is expressly in lieu of any implied warranty of merchantability or fitness. Additionally, plaintiffs admit that they made no attempt to rescind their purchase of the vehicle. They also acknowledge that defendant has paid for numerous repairs to their vehicle, albeit allegedly unsatisfactory, over the course of a two year period. Therefore, the Court finds that plaintiffs are estopped from now claiming that the terms of the limited warranty agreement, that included a mandatory forum selection clause specifying Indiana as the requisite forum, do not apply.

The Court clearly could grant the defendant's motion to dismiss, but will, for the reasons set out below, instead transfer the case. Therefore, the Court **DENIES** defendant's motion to dismiss.

Defendant has moved in the alternative to transfer this case to the Northern District of Indiana, South Bend Division. Having found that there is a mandatory forum selection clause that must be given effect and therefore that venue is improper, the Court must decide whether to dismiss the case or transfer it to another district court pursuant to 28 U.S.C. § 1406(a). Porter v. Groat, 840 F.2d 255, 257-58 (4th Cir. 1988). Under 28 U.S.C. § 1406(a), a district court faced with a case where venue is improper "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[7] Courts generally favor transfer over dismissal, unless there is evidence that a case was brought in an improper venue in bad faith or to harass defendants, of which there is no evidence in this case. Gov't of Egypt Procurement Office v. M/V Robert E. Lee, 216 F.Supp.2d 468 (D.Md. 2002) (citing WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE 2d § 3827).

It is within the discretion of the district court to transfer a case under § 1406 if doing so is in the interests of justice. Robbins v. Yutopian Enterprises, Inc., 202 F.Supp.2d 426, 431 (D.Md. 2002). While plaintiffs had been informed of the forum selection clause contained within the limited warranty agreement that they had received by mail and availed themselves of its benefits, they claim

---

[7] This statute authorizes a district court to transfer a case, even if it lacks personal jurisdiction over the defendant. See Goldlawr v. Hieman, 369 U.S. 463, 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE 2d § 3827 at 263.

they did not consider themselves bound by its terms, although their course of conduct has required a legal conclusion at odds with that view for purposes of the matters at hand.  Upon consideration of the present record, the Court determines that it is in the interests of justice for this case to be transferred, rather than dismissed outright.  Therefore, the Court **DENIES** defendant's motion to dismiss but **GRANTS** defendant's motion in the alternative to transfer the case to the Northern District of Indiana, South Bend Division.

II.  **Motion to Strike Addendum to Defendant's Supplemental Memorandum in Support of Motion to Dismiss or to Transfer (Papers Nos. 26, 27)**

Defendant requested an additional extension of the deadline for supplemental briefing to July 18, 2003, which the Court granted.  Defendant timely submitted a supplemental memorandum with exhibits.  (Paper No. 24).  Plaintiffs replied.  (Paper No. 25). On July 22, 2003, defendant filed a purported addendum to its supplemental memorandum with an attached affidavit.  (Paper No. 26).  Plaintiffs filed a motion to strike defendant's addendum and its attached affidavit.  (Paper No. 27).

The last deadline set by the Court for submission of supplemental briefing was July 18, 2003.  Defendant did not, even informally, request permission to extend the July 18 deadline.  Local Rule 105.2(a) provides that "[a]ll motions must be filed within deadlines set by the Court."  Additionally, "[b]efore filing a motion to . . . extend the time for the filing of any paper or the taking of any other required action counsel shall attempt to obtain the consent of other counsel and shall give notice of the motion to other counsel . . . before presentation of the motion to the Court.  Counsel shall state in the motion whether the consent of other counsel has been obtained."  Local Rule 105.9.  Both parties have been given ample opportunities in this case to fully brief the matters at hand.  Therefore, the Court **GRANTS** plaintiffs' motion to strike and **ORDERS** that defendant's addendum to its supplemental memorandum be struck.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

                              Very truly yours,

/s/

Susan K. Gauvey
United States Magistrate Judge

cc: Court File